IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH SCHULTZ,

     Petitioner,                    No. CIV S-11-0398 GEB CKD P

     vs.

RICK HILL,

     Respondent.                 ORDER

_____/

     Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's October 4, 2011 motion for leave to file an amended application for writ of habeas corpus is before the court.

     Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

     This action proceeds on the First Amendment Petition, filed July 12, 2011. In it, petitioner states that the California Court of Appeal, Third Appellate District, denied the instant

1

claims in an October 12, 2010 decision; and the California Supreme Court denied them in a January 12, 2011 decision. (Dkt. No. 6 at 2.) Respondent filed an answer, arguing that, while petitioner presented the instant four claims to the state appellate courts, those claims are not cognizable on federal habeas review because they allege errors of state law. (Dkt. No. 14.) Petitioner has filed a traverse. (Dkt. No. 17.)

In his pending motion "for abeyance and leave to amend," petitioner attaches his November 2010 petition to the California Supreme Court and that court's January 2011 summary denial. He requests 60 days to prepare and submit an amended petition. However, it is not clear what purpose amendment would serve. It is undisputed that the claims in the instant federal petition were previously presented to the California Supreme Court. The only issue is whether these claims are cognizable on federal habeas review, or are state law claims only. Accordingly, justice does not require leave to amend in this instance.

Insofar as petitioner seeks to stay the instant action so as to be able to exhaust any unexhausted claims in the state courts, he has not met the standard for staying a habeas action under Rhines v. Weber, 544 U.S. 269, 277-279 (2005).[1]

Accordingly, IT IS HEREBY ORDERED THAT petitioner's October 4, 2011 motion for abeyance and leave to amend (Dkt. No. 19) is denied.

Dated: April 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / schu0398.amend

---

[1] Rhines holds that the court may stay a mixed petition containing both exhausted and unexhausted claims pending exhaustion of the unexhausted claims if petitioner shows that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies.